UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GEORGE HAAS | * | CIVIL ACTION |
| VERSUS | * | NO: 06-8975 |
| LAFAYETTE INSURANCE COMPANY | * | SECTION: "D"(1) |

### ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiff, George Haas. Defendant, Lafayette Insurance Company, filed a memorandum in opposition. The motion, set for hearing on Wednesday, November 22, 2006, is before the court on briefs, without oral argument. Now, having considered the memorandum of Plaintiff's counsel, the record, and the applicable law, the court finds that the motion should be granted.

In this Katrina-related matter, Plaintiff initially filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging that he purchased from Defendant, Lafayette Insurance Company, a homeowner's policy that was in effect when Hurricane Katrina made landfall on August 29, 2005. Plaintiff alleges that "Hurricane Katrina produced a great deal of rain and

caused significant wind damage in the metropolitan New Orleans area" and "[a]s a result, the insured property was significantly damaged." (*See* state-court Petition, ¶¶ 4 & 5).

Plaintiff further alleges he made a Katrina-related claim under the policy, but that Defendant failed to compensate him for the full extent of his loss under the policy. (*Id.* at ¶¶ 6-10). Plaintiff sues Defendant for bad faith under LSA-R.S. §22:1220 and Louisiana Civil Code Article 1997, violation of LSA-R.S. §22:688, breach of contract, and loss under Louisiana's Valued Policy Statute, LSA-R.S. §22:695. (*Id.* at ¶¶ 11-31).

Defendant removed the matter to this court claiming in part:

> 2.
>
> Defendant, Lafayette Insurance Company, a Louisiana citizen, is also a defendant in an action in the United States District Court entitled *Abadie, et al. v. Aegis Security Insurance Company, et al.*, Civil Action No. 06-5164, Section K, Magistrate 2, Eastern District of Louisiana, a civil action arising out of the same accident as this suit.
>
> 3.
>
> This action and the *Abadie* federal court action arise from the same facts and circumstances, including a sudden accident or natural event culminating in an accident which resulted in the deaths at a discrete location of at least 75 natural persons due to the forces and effects of Hurricane Katrina, which made landfall in the states of Louisiana and Mississippi on August 29, 2005 ...

4.

> ... the action in [*Abadie v. Aegis Security Ins. Co.*, Civil Action No. 06-5164, Section K, EDLA] "could have been brought" under the provisions of 28 U.S.C. §1369 and, therefore, this removal is authorized under 28 U.S.C, §1441(e) because both *Abadie* and this case arise our of the same accident.

(*See* Notice of Removal, ¶4).

In the present Motion to Remand, Plaintiff argues that this court lacks subject matter jurisdiction because there is no diversity[1] and the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §1369 (MMTJA) does not apply to this case.

The MMTJA provides in relevant part:

> **§1369.  Multiparty, multiforum jurisdiction**
>
> **(a)  In general.-**The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-
>
>> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>>
>> (2) any two defendants reside in difference

---

[1] Plaintiff is a Louisiana resident and Defendant concedes in its removal papers that it is also a Louisiana citizen. (*See* Notice of Removal at ¶¶ 3, 19 & 20).

>     States, regardless of whether such
>     defendants are also residents of the same
>     State or States; or
>
> (3) substantial parts of the accident took
>     place in difference States.
>
> **(b) Limitation of jurisdiction of district courts.-**The
>     district court shall abstain from hearing any civil
>     action described in subsection (a) in which-
>
> (1) the substantial majority of all
>     plaintiffs are citizens of a single State
>     of which the primary defendants are also
>     citizens; and
>
> (2) the claims asserted will be governed
>     primarily by the laws of that State.

28 U.S.C. §1369.

An "accident" under §1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 persons." 28 U.S.C. §1369(c)(4).

"The MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora." *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006). The ultimate goal of the MMTJA is consolidation. *Id.*

Defendant argues that the court has supplemental jurisdiction under 28 U.S.C. §1441(e)(1)(B), because Defendant is already a

4

defendant in multiple cases where jurisdiction is proper under the MMTJA, 28 U.S.C. §1369.[2] The full text of 28 U.S.C. §1441(e)(1) provides:

> a defendant in a civil action in State court may remove that action to the district court of the United States for the district court and division embracing the place where the action is pending if-
>
> (A)  the action could have been brought in the United States district court under section 1369 of this title; or
>
> **(B)  the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.**

28 U.S.C. §1441(e)(1) (emphasis added).

As the Fifth Circuit has reasoned:

> §1441(e)(1)(B) permits removal in those situations where original federal subject

---

[2]  In its opposition memorandum, Defendant represents that:

> In addition to *Abadie*, Defendant Lafayette Insurance Company is a defendant in several class action lawsuits arising out of Hurricane Katrina, lawsuit that were or could have been brought under 28 U.S.C. §1369, including the following: [*Berthelot v. Boh Brothers Construction Co.*, USDC Eastern District No. 05-4182, Section K; *Randall v. Allstate Indemnity Co.*, USDC Eastern District No. 06-1053, Section R; and *Caruso v. Allstate Ins. Co.*, USDC Eastern District No. 06-2613, Section R].

(Defendant's Opp. at 2).

>matter jurisdiction does not exist ... When the requirements of §1441(e)(1)(B) are met, defendants need not establish the existence of independent subject matter jurisdiction under any other provision, including under §1369(a), because supplemental jurisdiction has been established.

*Wallace,* 444 F.3d at 702.[3]

However, in this case, the court rejects Defendant's argument that this court can exercise supplemental jurisdiction under §1441(e)(1)(B) based on the fact that Defendant is already a defendant in *Abadie, Berthelot, Randall* and *Caruso*. Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.[4] So to the extent that *Abadie, Berthelot, Randall* and *Caruso* are based on Hurricane Katrina, they could not have been could have been brought under the MMTJA.[5] Further, *Abadie* and *Berthelot* are both based, at least on part, on levee breaches in the aftermath of Hurricane Katrina, but in this case, Plaintiff makes no allegation

---

[3] The court notes that §1369(b) is not an independent bar to exercise of jurisdiction over a case removed pursuant to §1441(e)(1)(B), because §1369(b) applies only to the exercise of original jurisdiction under §1369(a). *Wallace*, 444 F.3d at 702.

[4] *See e.g., Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, EDLA No. 06-2546, Doc. No. 19 (Duval, J.); *Berry v. Allstate Ins. Co.*, EDLA 06-4922, Doc. No. 8 (Zainey, J.); *Southall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (Barbier, J.); *Fidelity Homestead Ass. v. The Hanover Ins. Co.*, EDLA No. 06-3511, Doc. No. 26 (Berrigan, J.); *Southern Athletic Club, LLC v. The Hanover Ins. Co.*, EDLA No. 06-2605, Doc. No. 28 (Lemmon, J.); and *Carroll v. Lafayette Ins. Co.*, EDLA No. 06-3955, Doc. No. 20 (LeMelle, J.).

[5] *Randall* and *Caruso* are Hurricane Katrina cases involving valued policy issues under LSA-R.S. 22:695.

about levee breaches.[6] Thus, the court finds that it has no "piggy-back jurisdiction" under §1441(e)(1)(B). *Wallace*, 444 F.3d at 702.

Accordingly,

**IT IS ORDERED** that Plaintiff's "**Motion to Remand**" be and is hereby **GRANTED**, but Plaintiff's request for attorney's fees and costs are **DENIED** because Defendant provided "objectively reasonable grounds" to support its removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000);

**IT IS FURTHER ORDERED** that this matter be and is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **27th** day of **November**, **2006**.

A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[6] In *Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, No. 06-2546, Doc. No. 19, p. 7, Judge Duval found that:

> [*Chehardy v. State Farm Fire & Casualty Co.*, a case transferred from the Middle District of Louisiana to the Eastern District, No. 06-1672, and now pending in Section K under lead case, No. 05-4182, *In re: Katrina Breaches Litigation*] arises from a levee break that caused both loss of life and property damage. Therefore, the Court concludes that §1369 jurisdiction exists in *Chehardy* because the levee break is the requisite that caused the death of at least 75 natural persons at a discrete location.

8